CONCETTA V. ORESTE, Respondent, v. VINCENT C. ORESTE, Appellant.— In an action by a wife for a judicial separation, in which the defendant husband counterclaimed for an annulment, and in which a judgment had been entered on February 26, 1963 in the husband's favor annulling the marriage on the ground that his previous marriage had not been lawfully terminated, and directing him to pay to the wife $100 per week for her support and for the support of their two infant children, the husband appeals from an order of the Supreme Court, Queens County, entered July 29, 1964, which denied his motion to amend the said judgment by reducing to $50 per week the payment directed to be made. Order reversed, without costs, and motion granted to the following extent: The judgment is amended by reducing the payments directed to be made from $100 per week to $75 per week, computed on the basis of $25 per week for the support of the wife and $25 per week for the support of each child. In our opinion, upon considering the relative financial status of the parties, particularly the change in the financial circumstances of the wife since the entry of the judgment of annulment, the total of the alimony payments to the wife should be reduced as above stated (cf. *Le Duc* v. *Le Duc,* 14 A D 2d 642; *Phillips* v. *Phillips,* 1 A D 2d 393). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID DIXON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered March 8, 1963 after a jury trial, convicting him of attempted rape in the first degree, burglary in the second degree, and petit larceny, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta and Hill, JJ., concur; Christ and Hopkins, JJ., concur in the result on the ground that they are bound by the decision of the court in *People* v. *Polite* (23 A D 2d 587).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDDIE LEE DAVIS, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, entered March 18, 1963 after a jury trial, convicting him of rape in the first degree, assault in the second degree and carnal abuse of a child (as a felony), and imposing sentence. Judgment affirmed. This court previously had held the appeal in abeyance and directed a separate hearing on the issue of the voluntariness of the defendant's confession which had been received in evidence at the trial (see *People* v. *Davis,* 22 A D 2d 921). Such a hearing *de novo* has now been held pursuant to the dictates of *People* v. *Huntley* (15 N Y 2d 72). The Trial Justice, after such hearing before him, has rendered his decision finding that the confession was voluntary. A supplemental record, consisting of a transcript of the stenographic minutes of the hearing and the decision of the Trial Justice, has been submitted to the court. Upon review of such supplemental record, we hold that the finding of the Trial Justice is amply sustained by the proof adduced. We have reviewed all the other contentions raised by the defendant on his original submission of the appeal from the judgment; we find them to be without merit. Accordingly, on the basis of the original and supplemental records, the judgment must be affirmed. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.